**Court of Common Pleas of York County, Pennsylvania**

Civil Action – Law
Case No.: 2024-NO-007143

**Plaintiffs:**
**Keith E. Wolfe** and **Lisa B. Wolfe**

**Defendant:**
**Irene Mulkerin**

ANSWER AND COUNTERCLAIMS

I. Introduction

Defendant, Irene Mulkerin, hereby submits this Answer and Counterclaims in response to the Complaint filed by Plaintiffs, Keith E. Wolfe and Lisa B. Wolfe, and states as follows:

II. Background

1. **Business Relationship**

   - On September 30, 2022, Mulkerin Tool & Machine, LLC ("MTM"), a Pennsylvania limited liability company, entered into an agreement to purchase the assets of Wolfe Tool & Machine Company from the Plaintiffs.

   - As part of this transaction, the parties executed a Non-Compete Agreement, Promissory Note, and Guarantee and Suretyship Agreement.

2. **Non-Compete Agreement**

- The Non-Compete Agreement prohibited the Plaintiffs from engaging in competing business activities or soliciting MTM's clients within a specified geographical area and time frame.

3. **Promissory Note and Guarantee**

    - MTM executed a Promissory Note in favor of the Plaintiffs in the amount of $380,000.

    - The Defendant provided a Guarantee and Suretyship Agreement to secure the obligations under the Note.

### III. Defendant's Response to Plaintiffs' Allegations

1. **Paragraph 1:**

    - **Allegation:** Plaintiffs, Keith E. Wolfe and Lisa B. Wolfe, are adult individuals residing at 3240 Starlight Drive, York, PA 17402 (hereinafter "Lender").

    - **Response:** Admitted.

2. **Paragraph 2:**

    - **Allegation:** Defendant, Irene Mulkerin, upon information and belief, is a Pennsylvania resident with an address of 1740 Adeline Drive, Mechanicsburg, PA 17050.

    - **Response:** Admitted.

3. **Paragraph 3:**

    - **Allegation:** Defendant, Irene Mulkerin, upon information and belief, is an adult individual with an address of 1740 Adeline Drive, Mechanicsburg, PA 17050 (hereinafter "Mulkerin").

    - **Response:** Admitted.

4. **Paragraph 4:**

2

- **Allegation:** Mulkerin Tool & Machine ("MTM") is a Pennsylvania limited liability company with its principal place of business at 210 Lafayette Street, York, PA 17401.

- **Response:** Partially accepted. The prior address was 210 Lafayette St., York, PA 17401. However, this location has since closed due to aggressive foreclosure actions by Traditions Bank and Barley Snyder, which may have been carried out in alignment with or in support of the Wolfes, thereby undermining our financial position and interests. The business is no longer operational.

5. **Paragraph 5:**

    - **Allegation:** On September 30, 2022, MTM entered into an Open-Ended Mortgage, Security Agreement, and Financing Agreement ("the Agreement") with Plaintiffs for the principal sum of $380,000 plus interest at a rate of 6% per annum. A true and correct copy of the Agreement is attached as Exhibit A.

    - **Response: Admitted.**

6. **Paragraph 6:**

    - **Allegation:** MTM, as borrower, entered into a Promissory Note with Plaintiffs as lenders dated September 30, 2022. MTM executed and delivered to Plaintiffs a note in the original principal amount of $380,000 ("the Note"). A true and correct copy of the Promissory Note is attached as Exhibit B.

    - **Response: Admitted.**

7. **Paragraph 7:**

    - **Allegation:** On September 30, 2022, Defendant, as guarantor, entered into a Guarantee and Suretyship Agreement to and for the benefit of Keith E. Wolfe and Lisa B. Wolfe, wherein Defendant absolutely and unconditionally guaranteed full and punctual payment and satisfaction of all obligations under the Promissory Note. The Guarantee contained a confession of judgment clause. A true and correct copy of the Guarantee and Suretyship Agreement is attached as Exhibit C.

- o **Response: Admitted.**

8. **Paragraph 8:**

    - o **Allegation:** On September 30, 2022, in conjunction with the execution of the Guarantee and Suretyship Agreement, Defendant also executed an Explanation and Waiver of Rights Regarding Confession of Judgment. A true and correct copy is attached as Exhibit D.

    - o **Response: Admitted.**

---

## IV. Affirmative Defenses

Defendant, **Irene Mulkerin**, asserts the following affirmative defenses to the Plaintiffs' Complaint:

1. **Breach of Contract by Plaintiffs**

    - o **Failure to Honor Non-Compete Agreement:**

        - Plaintiffs breached the Non-Compete Agreement dated September 30, 2022, by engaging in competing business activities through Wolfe Transportation, Inc.

        - By soliciting clients such as Graham Packaging Company and Graham Engineering Company, Plaintiffs violated the specific terms prohibiting competition within the agreed geographical area and time frame.

        - This breach undermined the value of the assets purchased by MTM and negatively impacted Defendant's ability to fulfill obligations under the Promissory Note.

2. **Unclean Hands**

    - o **Engaging in Fraudulent and Unethical Conduct:**

        - Plaintiffs acted in bad faith by collaborating with Traditions Bank, Barley Snyder and Andrew V. Papoutsis, and others to destabilize MTM.

- Such conduct includes the disclosure of confidential information, interference with business relationships, and orchestrating legal actions to overwhelm Defendant.
- Plaintiffs' wrongful actions contributed to Defendant's financial distress, thereby affecting his ability to perform under the contracts in question.

3. **Estoppel**

    - **Preventing Plaintiffs from Asserting Claims Due to Their Own Actions:**

        - Plaintiffs accepted over $60,000 in payments from Andrew and Irene Mulkerin while simultaneously engaging in activities that sabotaged MTM's business operations.
        - By breaching the Non-Compete Agreement and engaging in misconduct, Plaintiffs should be estopped from enforcing the terms of the Promissory Note and Guarantee against Defendant.

4. **Fraudulent Inducement**

    - **Misrepresentation Leading to Agreement Execution:**

        - Plaintiffs misrepresented material facts regarding their intentions to honor the Non-Compete Agreement at the time of executing the Promissory Note and Guarantee.
        - Had Defendant been aware of Plaintiffs' intention to compete unlawfully, she would not have entered into the agreements.

5. **Failure to Mitigate Damages**

    - **Plaintiffs' Actions Increased Their Alleged Losses:**

        - Plaintiffs did not take reasonable steps to mitigate any alleged damages.
        - Instead, their actions exacerbated the financial harm to both parties by interfering with MTM's business operations.

6. **Setoff and Recoupment**

    - **Offsetting Amounts Owed Due to Plaintiffs' Breaches:**
        - Any amounts claimed by Plaintiffs should be offset by the damages incurred by Defendant as a result of Plaintiffs' breaches and misconduct.
        - Defendant has suffered significant financial losses exceeding the amounts claimed by Plaintiffs.

7. **Lack of Consideration**

    - **Invalidity of Agreements Due to Plaintiffs' Non-Performance:**
        - The value of the agreements, including the Promissory Note and Guarantee, was predicated on Plaintiffs' adherence to the Non-Compete Agreement.
        - Plaintiffs' failure to perform their obligations negates the consideration necessary to enforce the agreements against Defendant.

8. **Violation of Implied Covenant of Good Faith and Fair Dealing**

    - **Plaintiffs Failed to Act in Good Faith:**
        - Every contract imposes upon each party a duty of good faith and fair dealing.
        - Plaintiffs' actions in undermining MTM and Defendant breached this implied covenant, relieving Defendant of his obligations under the contracts.

9. **Interference with Contractual Relations**

    - **Plaintiffs Interfered with Defendant's Business Contracts:**
        - By soliciting MTM's clients and disrupting business relationships, Plaintiffs interfered with existing contracts and prospective economic advantage.

6

- Such interference contributed to Defendant's inability to meet obligations under the agreements.

10. **Illegality**

    o **Plaintiffs Engaged in Illegal Activities:**

    - Plaintiffs' conduct involved illegal actions, such as fraudulent misrepresentation or conspiracy, rendering the contracts related to these actions unenforceable.

---

## V. Counterclaims

### Count I: Breach of Contract

1. **Violation of Non-Compete Agreement**

    o Plaintiffs breached the Non-Compete Agreement by establishing a competing business, Wolfe Transportation, Inc., which serviced clients previously under MTM's purview.

    o Plaintiffs solicited MTM's clients, including Graham Packaging Company and Graham Engineering Company, undermining existing contracts and relationships.

    o These actions directly contravene specific clauses (1 through 5) of the Non-Compete Agreement.

2. **Disclosure of Proprietary Information**

    o Plaintiffs disclosed MTM's confidential business information to third parties without authorization.

    o Such disclosures violated confidentiality provisions and compromised MTM's competitive advantage.

### Count II: Fraudulent Misrepresentation

1. **Collusion with Third Parties**

    o Plaintiffs colluded with Traditions Bank, Barley Snyder and Andrew V. Papoutsis to destabilize MTM.

- Plaintiffs introduced a potential buyer under false pretenses, aiming to acquire MTM's assets at a depreciated value.

2. **Participation in Legal Actions**

    - Plaintiffs engaged in legal actions designed to overwhelm Defendant with litigation, including simultaneous filings and suspiciously timed.

## Count III: Contribution to Financial Harm

1. **Damages Incurred**

    - **Significant Loss of Revenue:**

        - As a direct result of Plaintiffs' actions, Defendant experienced a substantial loss of revenue due to diverted clients and disrupted operations.

        - Plaintiffs' solicitation of MTM's clients led to the cancellation of contracts and loss of business opportunities.

        - The financial impact extended to personal investments and funds from friends and family who had entrusted Defendant with substantial sums, resulting in significant personal financial losses.

    - **Reputational Damage within the Industry and Community:**

        - The aggressive foreclosure actions by Traditions Bank, potentially aligned with Plaintiffs' interests, have caused significant reputational harm to MTM and Defendant within both the industry and the local community.

        - This reputational damage has affected professional relationships, eroded trust with key stakeholders, and hindered the ability to pursue future opportunities or rebuild operations.

        - Such harm to reputation further compounds the financial and operational challenges already faced by Defendant.

    - **Emotional Distress and Personal Hardship:**

- The cumulative effect of Plaintiffs' actions has caused significant emotional distress to Defendant, impacting his personal well-being and that of his family.

## VI. Relief Sought

Wherefore, Defendant respectfully requests that the Court grant the following relief:

1. **Dismissal of Plaintiffs' Complaint**
   - Dismiss Plaintiffs' claims against Defendant with prejudice, as their own breaches of the Non-Compete Agreement and wrongful conduct preclude them from seeking enforcement of the Promissory Note and Guarantee.

2. **Monetary Damages**
   - **Compensatory Damages:**
     - Award Defendant compensatory damages in an amount to be determined at trial for:
       - **Lost Profits:**
         - Recovery of profits lost due to Plaintiffs' solicitation of MTM's clients and interference with business relationships.
       - **Operational Disruptions:**
         - Compensation for increased operational costs and inefficiencies resulting from Plaintiffs' actions, including the loss of key employees and the need to restructure operations.
       - **Personal Financial Losses:**
         - Reimbursement for personal investments and funds from friends and family that were lost due to

9

the destabilization of MTM caused by Plaintiffs' breaches.

- **Reputational Harm:**
  - Damages for the significant reputational damage within the industry and community, which hindered Defendant's ability to secure new business opportunities and maintain professional relationships.

- **Exemplary (Punitive) Damages:**
  - Award exemplary damages to punish Plaintiffs for their willful misconduct, fraudulent intent, and malicious actions, and to deter such conduct in the future.

3. **Declaratory Relief**
   - Declare that:
     - **Plaintiffs Breached the Non-Compete Agreement:**
       - An official declaration that Plaintiffs materially breached the Non-Compete Agreement, thereby relieving Defendant of obligations under the Promissory Note and Guarantee.
     - **Contracts Are Unenforceable Due to Plaintiffs' Conduct:**
       - A finding that the agreements are unenforceable against Defendant due to Plaintiffs' breaches, fraudulent inducement, and violations of the implied covenant of good faith and fair dealing.

4. **Accounting and Disgorgement**
   - Order Plaintiffs to provide a full accounting of all profits and benefits derived from their competing business activities and wrongful conduct.

- Require Plaintiffs to disgorge any ill-gotten gains obtained through their breaches and misconduct.

5. **Legal Costs and Attorney's Fees**

    - Award Defendant all legal fees, court costs, and expenses incurred in defending against Plaintiffs' claims and pursuing these counterclaims, as permitted by law and the terms of the agreements.

6. **Pre- and Post-Judgment Interest**

    - Award interest on all monetary damages awarded, at the legal rate, from the time the damages were incurred until the time of payment.

7. **Any Other Relief**

    - Grant any other and further relief the Court deems just, equitable, and proper under the circumstances, including but not limited to:

        - **Sanctions Against Plaintiffs:**

            - Imposing sanctions for Plaintiffs' misuse of legal proceedings and confession of judgment clauses to harass and pressure Defendant.

        - **Referral for Investigation:**

            - Referring the matter to appropriate authorities for investigation into potential illegal activities, including fraud or conspiracy.

---

## VII. Verification

I, **Irene Mulkerin**, verify that the statements made in this Answer and Counterclaims are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of **18 Pa.C.S. § 4904** relating to unsworn falsification to authorities.

Date: 12/2/2024

**Signature:**

/s/ **Irene Mulkerin**
**Irene Mulkerin**
Defendant, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050
Email: irene.mulkerin@outlook.com

